UNITED STATES OF AMERICA,

    Plaintiff,

vs.

CARL RICHARD SAMSON,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT

THIS MATTER is before the Court on Defendant Carl Richard Samson's Motions to Dismiss the Superseding Indictment (ECF Nos. 245 & 248), which were filed *pro se* despite the fact that Samson is represented by counsel. On January 26, 2012, this Court held a hearing on these Motions. Through these motions, Samson is raising three arguments. First, that the Superseding Indictment is defective because it fails to state the required elements of the charged offenses. The second argument is that the initial Indictment was constructively amended during the original trial. Samson's third argument is that the pending trial on the Superseding Indictment would violate Samson's rights in light of the Double Jeopardy Clause of the Constitution.

As to Samson's first argument, "an indictment is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002). "If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge." *United States v. Fern*, 155 F.3d 1318, 1325 (11 Cir. 1998). In this case, the counts charged in the Superseding Indictment adequately notify Samson of the charges to be defended against, and specifically refer to the statute on which the charges are based. Contrary to Samson's other arguments regarding the Government's allegations in the Superseding Indictment, the Government is not required to allege willfulness, nor must it separately allege aiding and abetting, nor is it required to set forth the alleged victim of the charged offense. As the Government points out, the proper mechanism for the type of information that Samson is seeking is a bill of particulars, not a

dismissal of the indictment. *See, e.g., United States v. Sharpe*, 438 F.3d 1257, 1263 n.3 (11th Cir. 2006).

Samson's second argument is that the pending Superseding Indictment should be dismissed in light of the alleged constructive amendment at the first trial. Samson's constructive amendment argument is premised on the fact that the first Indictment made reference to a Glock handgun, which the jury in his first trial had a question about. The Court ultimately concluded that the Indictment's reference to a specific firearm was mere surplusage and could be deleted without error. This action did not amount to a constructive amendment. In any event, Samson was not convicted by that jury and any alleged error is moot. Samson's allegations of error relating to the Court's findings and instructions to the jury in his first trial under the initial Indictment do not provide grounds to dismiss the Superseding Indictment.

Samson's final argument is that a second trial, following the mistrial in August 2011, would violate the Double Jeopardy Clause of the Constitution. "[A] trial court's declaration of a mistrial following a hung jury is not an event that terminates the original jeopardy." *Richardson v. United States*, 468 U.S. 317, 326 (1984). "The Government, like the defendant, is entitled to resolution of the case by verdict from the jury, and jeopardy does not terminate when the jury is discharged because it is unable to agree." *Id.* Along these lines, the Government may file a superseding indictment after a mistrial resulting from a hung jury but before the retrial as long as the defendant is given adequate time to prepare his or her case. *United States v. Corona*, 804 F.2d 1568, 1570 (11th Cir. 1986). Accordingly, Samson's arguments relating to a Double Jeopardy violation are not supported. The specific facts of this case do not present a different result.

Having considered Samson's *Pro Se* Motions to Dismiss the Superseding Indictment (ECF Nos. 245 & 248), and having heard argument from both Samson and his counsel, as well as the Government, and having considered the relevant legal authorities, it is **ORDERED and ADJUDGED** that the Motions to Dismiss are **DENIED** for the reasons explained in this Order.

**DONE and ORDERED** in chambers, at Miami, Florida, on January 31, 2012.

**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**

Copies to:
*Counsel of record*